**WO**  NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sebastian Guthery,<br><br>        Plaintiff,<br><br>v.<br><br>GoDaddy.com LLC, *et al.*,<br><br>        Defendants. | No. CV-15-01803-PHX-JJT<br><br>**ORDER** |

At issue is Defendant Joshua Allen's Motion to Set Aside Default (Doc. 40, Mot.), to which Plaintiff Sebastian Guthery filed a Response (Doc. 47, Resp.), and Defendant filed a Reply (Doc. 49, Reply). At the Court's request, the parties submitted supplemental briefing in this matter. (Docs. 53, 54.) The Court will also resolve Plaintiff's Motion for Ruling (Doc. 36) and Plaintiff's Motion to Strike Defendant Joshua Andrew Allen's Opposition to Plaintiff's Motion for Preliminary Injunction With Notice (Doc. 51). The Court has reviewed the parties' briefs and finds these matters appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the reasons that follow, the Court will grant Defendant's Motion to Set Aside Default and deny Plaintiff's Motions.

**I.     BACKGROUND**

Mr. Guthery is the owner of two accounts with GoDadddy.com, LLC ("GoDaddy"), under which he registered and managed internet domain names and associated e-commerce websites. (Doc. 25, Am. Compl. at 3.) Each website Mr. Guthery managed has a "back-end" that consists of the website application and database as well as

consumer information. (Am. Compl. at 3.) GoDaddy stored the back-end of each website or internet domain associated with Mr. Guthery's GoDaddy accounts. (Am. Compl. at 3.)

Mr. Guthery alleges that after obtaining unauthorized access to his domain names and sensitive information associated with his domains, Mr. Allen and the Doe Defendants transferred control of the domain names and customer lists therein, thus preventing Mr. Guthery from accessing his accounts and causing him irreparable injury. (Am. Compl. at 2.) Based on discovery information obtained from GoDaddy, Mr. Guthery states he learned that individuals using 35 separate IP addresses accessed his GoDaddy account via the GoDaddy website, and accordingly he names 34 separate Doe Defendants in addition to Mr. Allen in this action. (Am. Compl. at 2.) Although Mr. Guthery does not know the names and capacities of the Doe Defendants, he alleges that Mr. Allen did not act alone and believes that Mr. Allen is aware of the identities of the 34 Doe Defendants. (Am. Compl. at 2.) Mr. Guthery claims Mr. Allen and the Doe Defendants violated the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030(a)(2)(C), (a)(4), (a)(5)(C), and the Arizona Uniform Trade Secrets Act, A.R.S. §§ 44-401–44-407. (Am. Compl. at 2.)

On February 12, 2016, Mr. Guthery filed his Amended Complaint adding Mr. Allen as a named Defendant. (Am. Compl.) According to Mr. Guthery and the Proof of Service of Summons (Doc. 31), on March 12, 2016, the service processor left a copy of the Summons and Amended Complaint with Lesley Allen, Mr. Allen's mother, at 17417 Blue Jay Drive, Morgan Hill, California (the Morgan Hill address). (Doc. 31; Doc. 54-2.) After Mr. Allen did not file a response to the Amended Complaint in accordance with the Federal Rules of Civil Procedure, Mr. Guthery filed an Application for Entry of Default against Mr. Allen on April 7, 2016. (Doc. 34.) One day later, on April 8, the Clerk of the Court entered default against Mr. Allen in accordance with Federal Rule of Civil Procedure 55(a). (Doc. 35.) Mr. Allen now moves to set aside the default against him.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a "court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). To determine "good cause," the Court must consider three factors: "(1) whether [Mr. Allen] engaged in culpable conduct that led to the default; (2) whether [Mr. Allen] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [Mr. Guthery]." *Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). A sufficient finding against Mr. Allen on any one factor negates good cause, and he bears the burden of showing that any of the factors favors setting aside default. *Id*. The Court is also guided by the policy concern that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam).

## III. ANALYSIS

### A. Culpability

Only intentional conduct is sufficiently culpable to deny a motion to set aside default. *See TCI Grp. Life Ins. Plan v. Knoebber,* 244 F.3d 691, 697–98 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001). While "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer," intentional conduct must rise to the level of conduct that is willful, deliberate, or done in bad faith. *Id*. There is no rigid rule that prevents a party from correcting technical mistakes, and courts must employ a more flexible analysis of equitable considerations when determining culpability. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (*en banc*).

Mr. Guthery argues Mr. Allen's Motion should be denied because Mr. Allen's conduct with regard to service of process and failure to answer the Amended Complaint was culpable. (Resp. at 1, 5–6.) Federal Rule of Civil Procedure 4(e) provides that an individual may be served by "leaving a copy of each [the Summons and Complaint] at

1  the individual's dwelling or usual place of abode with someone of suitable age and
2  discretion who resides there."

3       Mr. Guthery contends Mr. Allen was properly served via his mother at his usual
4  place of abode. (Doc. 53 at 1–3.) He also argues Mr. Allen had actual or constructive
5  notice of the action prior to default, willfully failed to respond to the Amended
6  Complaint, and attempted to evade service of process by fleeing the country. (Resp. at 5.)
7  Mr. Allen contends that his conduct is not culpable because Mr. Guthery failed to
8  properly serve him at his dwelling or usual place of abode in accordance with Rule 4 and
9  that once he discovered that an action was filed against him, he promptly retained counsel
10 who contacted Mr. Guthery's counsel. (Mot. at 6.)

11       The parties dispute whether the Morgan Hill address is Mr. Allen's dwelling or
12 usual place of abode under Rule 4. At a deposition taken in a separate lawsuit on
13 October 27, 2015, Mr. Allen stated that his "current residence is 17417 Blue Jay Drive,
14 Morgan Hill, California." (Resp. Ex. C.) Mr. Guthery's counsel also conducted a skip
15 trace on Mr. Allen prior to attempting to serve him that did not list any other current
16 address. (Doc. 53 at 2.) Mr. Allen, however, has submitted a declaration in which he
17 states he does not reside at the Morgan Hill address. (Doc. 41.) In addition, declarations
18 from Mr. Allen's parents state they live at the Morgan Hill address and that Mr. Allen
19 visited them there for a few days in October 2015, but he did not reside there in February
20 or March of 2016. (Reply Exs. 1, 2.) Mr. Guthery adds that according to the process
21 server's Declaration of Diligence, Mr. Allen's mother informed the process server that he
22 was "not in" when his mother accepted service at the Morgan Hill address on March 12,
23 2016, but did not suggest that he did not reside there. (Doc. 53 at 4.)

24       Based on the information before the Court, it cannot say that Mr. Allen willfully,
25 deliberately, or in bad faith, evaded service of process and that his conduct was culpable.
26 Although in October 2015, Mr. Allen stated he lived at the Morgan Hill address, his later
27 declaration and his parents' declarations support that the Morgan Hill address was not
28 Mr. Allen's "dwelling or usual place of abode" in early 2016 when Mr. Guthery initiated

1 service. The Court does not find that the other evidence provided by the parties shows
2 "sufficient indicia of permanence" as to Mr. Allen's residence at the Morgan Hill
3 address. *See United States v. Wen-Bing Soong*, No. C-13-4088 EMC, 2014 WL 988632,
4 at *2 (N.D. Cal. Mar. 10, 2014) (citing *Nat'l Dev. Co. v. Triad Holding Corp.,* 930 F.2d
5 253, 257 (2d Cir.1991)). Thus, the Morgan Hill address cannot definitively be considered
6 Mr. Allen's "dwelling or usual place of abode" and a proper place to effectuate service
7 under Rule 4. Because of the issues surrounding proper service of process, the Court does
8 not find that Mr. Allen acted willfully or in bad faith in not responding to the Amended
9 Complaint.

10 Mr. Guthery also cites two other pieces of information to support his argument
11 that Mr. Allen's conduct was culpable. First, he cites a letter dated February 25, 2016,
12 from Mr. Allen's attorney in another matter that states Mr. Allen directed her not to
13 accept service in this action. (Resp. at 5, Ex. B.) The Court does not find that Mr. Allen's
14 direction to his attorney in another matter is dispositive as to bad faith. Mr. Allen could
15 have asked his other attorney to decline service for any number of reasons, including that
16 he wanted to obtain different counsel in the present matter. While the letter does show
17 that Mr. Allen had notice of the filing of this action, and while he may have made a
18 conscious choice not to answer, it is not clear that his decision not to answer was willful
19 or in bad faith. Second, Mr. Guthery argues that Mr. Allen booked one-way international
20 travel in order to flee and evade service. (Resp. at 2–3.) Again, the Court finds that
21 Mr. Allen's travel could have been for any number of reasons, including business or
22 pleasure. The Court will not assume that Mr. Allen was fleeing the country to evade
23 service and acting in bad faith without any evidence as to the reason for his travel.

24 In light of the equitable considerations in this case and the policy to decide cases,
25 whenever possible, on the merits, the Court does not find that the evidence demonstrates
26 that Mr. Allen evaded service willfully or in bad faith such as to make his conduct
27 culpable. *See Pincay*, 389 F.3d at 860; *Falk*, 739 F.2d at 463.

28

### B. Meritorious Defense

A defendant seeking to set aside a default must present specific facts that would constitute a defense. *TCI Grp.*, 244 F.3d at 700; *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969). The burden on a party seeking to set aside a default is not extraordinarily heavy, however. *TCI Grp.*, 244 F.3d at 700. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010) (citations omitted).

Here, Mr. Allen's allegations as to his defense are scant. He only states that he does not have control or access to the domains at issue and that he did not commit the actions as alleged in the Complaint. (Reply at 6.) Taken as true, however, Mr. Allen's allegations may constitute a defense against Mr. Guthery's federal and state law claims against him. Despite Mr. Allen's limited allegations, the Court finds he has met his minimal burden and whether the factual allegations are true will be decided later in the litigation. *See id*.

### C. Prejudice

To prevent setting aside default, prejudice to a non-moving party "must result in greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 701. "Rather, the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Id*. (internal quotations and citations omitted). "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." *Id.*

Mr. Guthery argues that setting aside the default would prejudice him because the misappropriation of his accounts has caused harm to him and his businesses, and that every additional delay of the dispute causes his businesses additional irreparable harm. (Resp. at 6–7.) Mr. Guthery also argues that Mr. Allen's "cryptic" statement regarding his lack of access to Mr. Guthery's accounts suggests that Mr. Guthery will suffer

- 6 -

prejudice because it will be more difficult for him to recover control of the domain name registration accounts at issue if Mr. Allen has transferred control or otherwise misappropriated the domains. (Resp. at 7.) Finally, Mr. Guthery argues he will suffer prejudice because there is no assurance that Mr. Allen will meaningfully participate in litigation. (Resp. at 7–8.)

The Court is not persuaded by Mr. Guthery's arguments. All of his arguments as to prejudice presuppose Mr. Allen had or has access and control over Mr. Guthery's domains and that Mr. Guthery will regain access to his domains as a result of any default judgment against Mr. Allen. Despite Mr. Guthery's confidence in his theory, the underlying facts and merits of this case were not determined. If Mr. Allen's allegations are true and he does not or did not have access to the domains, then setting aside the default will not affect Mr. Guthery in any way–Mr. Guthery will continue to lack access to his misappropriated accounts. In addition, the Court's entry of default has caused only minimal delay and has not affected the parties other than requiring them to file additional briefs. Accordingly, the Court finds that setting aside default will not unduly prejudice Mr. Guthery or hinder his ability to pursue his claim. *See TCI Grp.*, 244 F.3d at 701.

**IV.  PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR RULING**

Mr. Guthery moves for the Court to rule on the Motion for Preliminary Injunction (Doc. 36) and to strike Mr. Allen's Opposition to Plaintiff's Motion for Preliminary Injunction With Notice (Doc. 50), contending that Mr. Allen's Opposition was not timely filed and was improperly filed because the Clerk of the Court had already entered default against Mr. Allen. (Doc. 51 at 1–2.) Mr. Allen did file his Opposition after the date in the Court's April 1, 2016 Order (Doc. 30), but because of the issues regarding service of process as discussed, the Court will not prematurely rule on the Motion for Preliminary Injunction or strike Mr. Allen's Opposition on account of its tardiness and where the Court now sets aside the default against Mr. Allen.

- 7 -

Mr. Guthery also requests that the Court allow him to file a Reply in support of his Motion for Preliminary Injunction. Because of the time that has elapsed in this case and the new information available, the Court will allow Mr. Guthery to file a Reply.

## V.     CONCLUSION

All three factors in the "good cause" analysis for setting aside a default under Rule 55(c) do not disfavor Mr. Allen. The Court is also mindful that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk,* 739 F.2d at 463. Accordingly, the Court grants Mr. Allen's Motion to Set Aside Default. The Court also orders that Mr. Guthery properly serve Mr. Allen via his attorney who has stated he will accept service in this matter (*see* Reply at 6).

IT IS THEREFORE ORDERED granting Defendant's Motion to Set Aside Default (Doc. 40).

IT IS FURTHER ORDERED denying Plaintiff's Motion to Strike Defendant Mr. Allen's Opposition to Plaintiff's Motion for Preliminary Injunction With Notice (Doc. 51).

IT IS FURTHER ORDERED denying Plaintiff's Rule 7.2(I) Request for Ruling on Plaintiff's Motion for Preliminary Injunction and Request that the Court set a Hearing for Plaintiff to Establish the Amount of his Monetary Damages (Doc. 36).

IT IS FURTHER ORDERED that Plaintiff properly serve Mr. Allen via his attorney with the Summons and Amended Complaint. Upon proper service, Plaintiff shall file the Certificate of Service on the docket by June 14, 2016.

IT IS FURTHER ORDERED that Mr. Guthery may file a Reply in support of his Motion for Preliminary Injunction (Doc. 29) no later than June 16, 2016.

///
///
///
///

1   IT IS FURTHER ORDERED setting a Preliminary Injunction hearing on July 1,
2   2016, at 9:30 a.m., in Courtroom 505, 401 W. Washington Street, Phoenix, AZ  85003
3   before Judge John J. Tuchi.
4   Dated this 6th day of June, 2016.

_____
Honorable John J. Tuchi
United States District Judge